# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>DAVID LYNN VANNELLI<br><br>*Defendant(s)* | )<br>)<br>) Case No. 22-mj-1159<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 2022 in the county of Putnam in the Middle District of Tennessee, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2422(b) | Coercion and Enticement |
| 18 U.S.C. § 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct |
| 18 U.S.C. § 1470 | Transfer of Obscene Material to Minors |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

*Complainant's signature*

S/A Carla Rexing, FBI
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: October 4, 2022

*Judge's signature*

City and state: Nashville, Tennessee

Hon. Barbara D. Holmes, US Magistrate Judge
*Printed name and title*

# Affidavit in Support of a Criminal Complaint

I, Carla Rexing, being first duly sworn, do depose and state as follows:

1. I have been a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since May 2017. Prior to that time, I was an intelligence analyst with the FBI from May 2009 through May 2017 assisting in investigations of counterintelligence, criminal, cyber, and terrorism threats. I am currently assigned to the FBI Memphis Division, Nashville Resident Agency, and investigate federal crimes within the Middle District of Tennessee.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of **DAVID L. VANNELLI** for the following offenses:

   a. Did unlawfully use the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).

   b. Did unlawfully travel in interstate commerce with a motivating purpose of engaging in any illicit sexual conduct with another person, in violation of 18 U.S.C. § 2423(b).

   c. Did unlawfully use the mail or any facility or means of interstate or foreign commerce, to knowingly transfer obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, in violation of 18 U.S.C. § 1470.

3. The following information contained in this affidavit is based on my training and experience, my personal participation in this investigation and, information provided to me by other law enforcement officials. Unless otherwise indicated, where I have referred to written or oral statements, I have summarized them in substance and in part, rather than verbatim. Not all of the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the arrest of **DAVID L. VANNELLI.**

4. In late September 2022, Homeland Security Investigations ("HSI") Nashville was contacted by HSI Dallas regarding a dark web post by what appeared to be a 13-year-old female ("MV") offering her virginity. The post included MV's age, email address, and phone number.

5. On or about September 26, 2022, HSI Nashville, FBI Nashville, Tennessee Bureau of Investigation ("TBI"), and the Putnam County Sheriff's Office identified MV and a possible address through law enforcement databases. Law enforcement subsequently made contact with family members of MV.

6. During interviews with MV's family members, law enforcement learned that an adult male engaged in online conversations that were sexual in nature with MV. During the conversations, the adult male sent an image of his face and his erect penis to MV from phone number XXX-XXX-2894[1] ("TARGET TELEPHONE"). According to MV, she discussed meeting the adult male in a park in Monterey, Tennessee. At some point during the conversation, MV stated the adult male exposed himself during a video chat. The adult male also instructed MV to delete the text messages from her phone.

7. A law enforcement database query revealed TARGET TELEPHONE was associated with **VANNELLI** with a date of birth in 1983, of Anderson, South Carolina. A subsequent search of another law enforcement database revealed **VANNELLI's** driver's license appeared to match the same adult male depicted in the image sent to MV described above.

8. Law enforcement obtained consent from MV's legal guardian to an account takeover of MV's conversations with whom law enforcement believed to be **VANNELLI** through TARGET TELEPHONE.

9. On or about September 26, 2022, an FBI Task Force Officer ("TFO") online undercover employee ("UCE") continued to converse with **VANNELLI** regarding his interest in traveling to Tennessee to meet MV. The FBI UCE advised **VANNELLI** that MV was 13-years-old. Through September 27, 2022, **VANNELLI** continued to express interest in traveling for the purpose of engaging in sexual activity with MV.

10. On or about September 27, 2022, a law enforcement database query revealed TARGET TELEPHONE was serviced by T-Mobile. Given the database queries of TARGET TELEPHONE and the similarities between **VANNELLI's** driver's license photo and the image sent to MV, law enforcement believed **VANNELLI** was the user of the TARGET TELEPHONE.

11. Later on September 27, 2022, law enforcement obtained a state search warrant to obtain real-time location information for TARGET TELEPHONE from T-Mobile. On the same evening, T-Mobile began providing real-time locates for TARGET TELEPHONE indicating the phone was in North Carolina heading in a northwest direction toward Tennessee.

12. Throughout the evening, the FBI UCE continued to converse with **VANNELLI** where he indicated he wanted to engage in sexual activities with MV. In addition, **VANNELLI** sent messages with words to the effect, "trying to figure out a way to get you closer to me to start with…checked with greyhound cant do it cause age"; "No age requirement to get ya closer to me"; and "wait till last min to do everything tho to make sure we got time to get the fuck outta town hell even the state". Law enforcement believed these messages further demonstrate

---

[1] The complete phone number is known to the Agent. However, this information is redacted in the anticipation of the Complaint becoming public. This information can be provided to the Court for an *en camera* review.

**VANNELLI's** knowledge that MV was a minor and subsequently planned to leave the state with MV.

13. At or near mile marker 311 on Interstate 40 in Crossville, Tennessee, a law enforcement officer observed a dark-colored Honda sedan with a broken headlight traveling in the westbound lanes. The description of the vehicle appeared similar to a vehicle image found on a social media account associated with **VANNELLI**. This observation was consistent with the real-time locates for the TARGET TELEPHONE. The FBI UCE continued to communicate with **VANNELLI** during this time to arrange a meeting spot in a business parking lot in Cookeville, Tennessee, which is within the Middle District of Tennessee.

14. In the late evening on September 27, 2022, **VANNELLI** arrived in the Honda sedan to the parking lot of the business location in Cookeville that was pre-arranged through the conversation with the FBI UCE. **VANNELLI's** arrival to the pre-arranged location was consistent with the real-time locates for TARGET TELEPHONE.

15. **VANNELLI** was subsequently arrested by law enforcement on state charges related to child exploitation and transported to the Putnam County Sheriff's Office.

16. Prior to being booked into the Putnam County jail, **VANNELLI** was advised of his rights pursuant to *Miranda*. **VANNELLI** agreed to speak with an FBI TFO and an HSI Special Agent without an attorney present. **VANNELLI** provided the following information to law enforcement:

    a. **VANNELLI** tried to hook up with females he met on the dark web on at least two (2) occasions. **VANNELLI** stated he met one other female from Florida via the dark web. **VANNELLI** stated he typically used the social media platform MeetMe to find women for sex.

    b. **VANNELLI** recalled viewing the dark web post of the 13-year-old girl stating she was a virgin and offering someone to use her as they wanted. [*Agent's Note: VANNELLI was shown a copy of the post by law enforcement.*] **VANNELLI** then stated he did not respond to the post.

    c. **VANNELLI** admitted he had conversations with MV via video calls and text messaging. **VANNELLI** stated he exposed his penis to MV during a video chat.

    d. He stated the purpose of the trip to Tennessee was to take MV back to South Carolina with him and also to engage in sexual activities. **VANNELLI** thought MV was 31-years-old and not 13-years-old. **VANNELLI** stated he knew he was a criminal but not the kind of criminal involving minors.

17. At the conclusion of the interview, **VANNELLI** was booked into the Putnam County jail on state charges related to child exploitation. **VANNELLI's** Samsung phone was seized for evidentiary purposes and is pending a forensic examination.

18. Based on the above information, I respectfully submits that there is probable cause to believe that **VANNELLI** committed violations of 18 U.S.C. § 2422(b) (Coercion and Enticement); 18 U.S.C. § 2423(b) (Travel with Intent to Engage in Illicit Sexual Conduct); and 18 U.S.C. § 1470 (Transfer of Obscene Material to Minors).